# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1226V
(not to be published)

| | |
|---|---|
| CHARLIE DEE MASON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 18, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 18, 2020, Charlie Dee Mason filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza vaccination administered on October 30, 2019. Petition at 1. On November 14, 2022, I issued a decision, awarding compensation to Petitioner based on Respondent's proffer. ECF No. 53.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $27,373.87 (representing $26,837.50 in attorney's fees and $536.37 in

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

attorney's costs). Petitioner's Motion for Attorneys' Fees and Costs, filed Apr. 11, 2023, ECF No. 58. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 58-2.

Respondent reacted to the motion on April 12, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. Response to Motion at 2-3, 3 n.2, ECF No. 59. The same day, Petitioner filed a reply stating that he "concurs with Respondent's recommendation that Chief Special Master Corcoran exercise his discretion and determine a reasonable award for attorney's fees and costs in this case."  ECF No. 60 at 2.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested an hourly rate of $165 for paralegal work performed in 2023. ECF No. 58-2 at 18-19. I find this hourly rate to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$27,373.87 (representing $26,837.50 in fees and $536.37 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Turning Point Litigation.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.